**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PETER J. LADZINSKI,
Plaintiff-Appellant,

v.

No. 97-1237

THE MEBA PENSION TRUST; BOARD
OF TRUSTEES OF MEBA,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-96-874-Y)

Argued: July 8, 1997

Decided: August 11, 1997

Before WILKINSON, Chief Judge, and WILKINS and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Francis Evelius, WRIGHT, CONSTABLE &
SKEEN, L.L.P., Baltimore, Maryland, for Appellant. Marilyn Louise
Baker, MOONEY, GREEN, BAKER, GIBSON & SAINDON, P.C.,
Washington, D.C., for Appellees. **ON BRIEF:** Elizabeth A. Saindon,
Joseph R. House, MOONEY, GREEN, BAKER, GIBSON & SAIN-
DON, P.C., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter J. Ladzinski appeals an order of the district court granting summary judgment to the MEBA Pension Trust and its Trustees (collectively, "the Fund") on Ladzinski's claims under the Labor Management Relations Act (LMRA) and the Employee Retirement Income Security Act (ERISA). Finding no error, we affirm.

The Fund is a multi-employer pension plan operated for the benefit of maritime employees. Pension benefits under the Fund are based on service credits, which are awarded for each quarter during which a participant is eligible. The Fund also awards past service credit (PSC) for years prior to its establishment. After a participant establishes eligibility for an award of PSC, the amount of PSC to which the participant is entitled is calculated based on the actual number of days worked between 1935 and 1955. A Fund participant who cannot establish the number of days actually worked can receive PSC for each quarter of the periods 1935-1940, 1941-1945, 1946-1949, and 1951-1955 by proving union membership and 100 days of covered employment, as defined by the Fund, during each period.

Ladzinski applied for pension benefits in June 1972 and shortly thereafter was awarded a pension based upon 83 quarters of service credit, including 26 quarters of PSC. More than 20 years later he appealed the award of benefits, arguing that he was entitled to an additional 13 quarters of PSC. The Fund denied the appeal on the basis that Ladzinski had confused the rules establishing eligibility for PSC with the rules governing the award of PSC.

Ladzinski subsequently brought this action claiming that the Fund contained a structural defect entitling him to relief under the LMRA, see 29 U.S.C.A. § 186 (West 1978 & Supp. 1997); that the Fund had violated ERISA by miscalculating his pension benefits, see 29

2

U.S.C.A. § 1132(a)(1)(B) (West 1985); and that the Trustees had breached their fiduciary duties. The district court granted summary judgment to the Fund, concluding that it lacked jurisdiction to consider the LMRA claim; that the ERISA claims were barred by the applicable statutes of limitations; and that, even if not time-barred, Ladzinski's ERISA claims were without merit. After carefully considering the parties' briefs and the applicable law, and having had the benefit of oral argument, we affirm. See Ladzinski v. MEBA Pension Trust, No. Y-96-874 (D. Md. Jan. 23, 1997).

AFFIRMED

3